Argued June 22, reversed June 29, 1915.
On the Merits.
(149 Pac. 938.)
Reversed and Remanded.
For appellant there was a brief over the names of Messrs. McCain, Vinton & Burdett and Mr. C. R. Chapin, with oral arguments by Mr. James McCain and Mr. J. E. Burdett.
For respondents there was a brief with oral arguments by Mr. Roswell L. Conner and Mr. Walter C. Winslow.
Mr. Justice Burnett
delivered the opinion of the court.
5. The case made on the demurrer to the complaint is controlled by Thompson v. Marshall, 21 Or. 171 (27 Pac. 957), where it is established in an exhaustive opinion by Mr. Chief Justice Strahan that, although absolute on its face, a conveyance which is, in fact, intended to be a mortgage or security for the payment of indebtedness, does not operate to convey title, but is, in very truth, only a mortgage which it is necessary to foreclose in the manner provided by our statute before the grantor or mortgagor can be divested of his estate. In opposition to the demurrer the plaintiffs set much store by the allegation that it was understood and agreed the defendant should have power to convey the premises, and account to the plaintiffs for the proceeds. This allegation does not suffice to differentiate *584 this case from Thompson v. Marshall, 21 Or. 171 (27 Pac. 957). The same element appeared in the transactions there in question. Indeed, it is common practice to include in any mortgage of realty a power to sell the premises.
6. We have, then, in the instant case, according to the complaint, a situation where a mortgagee has attempted to alienate the estate of the mortgagor, but, having no title; the former effected nothing by such a transaction. Tried by the statement of the plaintiffs in their primary pleading, their title has not been in any wise disturbed. For all that appears on the face of the complaint, they might even yet bring suit to redeem the property or the defendant might sue to foreclose. Where the mortgage is in form an absolute deed, conveyance to an innocent purchaser would militate against the title of the mortgagor; but that element does not appear in this' case. In brief, the plaintiffs rely for recovery upon an act of the defendant which by the showing made in the complaint did not affect their interests in the least. That pleading does not state a cause of action. Hence it is not necessary to consider, the other errors assigned.
The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings.
Reversed and Remanded.
Mr. Chief Justice Moore, Mr. Justice McBride and Mr. Justice Benson concur.